IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GRAYSEN GAINE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>OFFICER G. BAUTISTA, CITY AND COUNTY OF HONOLULU,<br><br>　　　　　Defendants. | Case No. 25-cv-00436-DKW-KJM<br><br>**ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

　　　　On October 9, 2025, Plaintiff Graysen Gaine, proceeding without counsel, filed a Complaint against Officer G. Bautista and the City and County of Honolulu, alleging violations of federal statutory and constitutional law arising out of an interaction with Officer Bautista in September 2025. Dkt. No. 1. At the same time, Gaine also filed an application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 3, which, pursuant to 28 U.S.C. Section 1915, the Court assesses below.

　　　　Federal courts can authorize the commencement of any suit without prepayment of fees or security by a person who submits an affidavit that

---

[1] Pursuant to Local Rule 7.1(c), the Court finds this matter suitable for disposition without a hearing.

demonstrates an inability to pay. *See* 28 U.S.C. § 1915(a)(1). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). While Section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), an applicant must nonetheless show an inability "to pay such fees or give security therefor," 28 U.S.C. § 1915(a).

    Here, because Gaine has failed to fully answer the questions in the IFP Application, he is yet to show an entitlement to proceed without prepaying fees or costs in this action. In the IFP Application, Gaine asserts that he receives take-home pay of $1,750 per month and, in the last 12 months, he has received income from three other sources, including disability payments. Dkt. No. 3 at 1. Gaine further asserts that he has $90 in a checking or savings account and owns "part of my wife's share" of a residence. *Id*. at 2. Gaine also asserts that he has one dependent, monthly expenses, and car loan and "consumer" debt. *Id*. Missing from the IFP Application, however, are monetary amounts for the above-referenced items, other than Gaine's wages and account balance, even though the form specifically requests the same. Gaine also fails to disclose the "source of money" for the "Other Income" he acknowledges receiving in Question Three of

2

the form.  *See id*. at 1.   Without this missing information, the Court cannot properly assess whether Gaine is able to pay the fees for this case and, therefore, the IFP Application, Dkt. No. 3, is DENIED WITHOUT PREJUDICE.

Should Gaine decide to continue with this action without paying the filing fee, he must file a new application to proceed *in forma pauperis*, a blank copy of which the Court will mail to him.   In completing a new application, Gaine must fully answer <u>all</u> questions on the form, including the questions concerning the <u>amount</u> of income he has received, the value of assets he owns, expenses he has regularly paid, debt for which he is responsible, and money he contributes to any dependent.   Gaine must do this individually for *each and every* type of financial information requested in the application.   Gaine must also identify the source of "business, profession, or other self-employment" income, "disability or worker's compensation payments", and "gifts or inheritances" he has received in the past 12 months and whether he expects to receive these things in the future.

Gaine may have until **October 28, 2025** to *either* (1) file a new IFP application consistent with the instructions above, or (2) pay the filing fee for this action.  **The Court cautions Gaine that the failure to either file a new IFP application or pay the filing fee by October 28, 2025 will result in the automatic dismissal of this action without prejudice.**

The Clerk of Court is DIRECTED to mail Gaine a blank Application to Proceed In District Court Without Prepaying Fees or Costs (AO 240).

IT IS SO ORDERED.

Dated: October 14, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Graysen Gaine v. Officer G. Bautista, et al.*; Case No. 25-cv-00436-DKW-KJM; **ORDER DENYING WITHOUT PREJUDICE APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**