IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| GRAYSEN GAINE,<br><br>    Plaintiff,<br><br>    vs.<br><br>OFFICER G. BAUTISTA,<br>CITY AND COUNTY OF HONOLULU,<br><br>    Defendants. | Case No. 25-cv-00436-DKW-WRP<br><br>**ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (2) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS*** |

On October 9, 2025, Plaintiff Graysen Gaine, proceeding without counsel, filed a Complaint against Officer G. Bautista and the City and County of Honolulu, alleging violations of federal statutory and constitutional law arising out of an interaction with Officer Bautista in September 2025. Dkt. No. 1. At the same time, Gaine also filed an application to proceed *in forma pauperis*, Dkt. No. 3, which, pursuant to 28 U.S.C. Section 1915 (Section 1915), the Court denied without prejudice for failure to fully answer the questions therein, Dkt. No. 5.

On October 21, 2025, Gaine filed a new application to proceed *in forma pauperis* ("IFP Application"), Dkt. No. 7, along with a self-described "Addendum", in which Gaine asserts that the Honolulu Police Department "is highly dangerous" and asks for the "Marshall [*sic*]" to "serve" Defendant Bautista,

Dkt. No. 6. Because Gaine has again moved for leave to proceed *in forma pauperis*, pursuant to Section 1915(a), the Court now screens the Complaint.[1]

Having done so, for the reasons set forth below, the Complaint is dismissed for failure to state a claim. However, because Gaine is proceeding without counsel and, arguably, amendment may cure the deficiencies identified herein, dismissal is WITHOUT PREJUDICE.

The factual basics of the Complaint are relatively straightforward. On September 20, 2025, at "approximately 5:00 a.m.," Gaine "approached" Officer Bautista and asked to speak to "a supervisor", specifically a Lieutenant Jolon Wagner, in order to "discuss recent developments" in "two active cases" pending in this District.[2] Dkt. No. 1 at ¶¶ 6, 8. Gaine alleges that Bautista "became argumentative and hostile", "escalated his opposition, refused to accommodate Plaintiff's request, and denied Plaintiff dignity and respect on the basis of Plaintiff's religious faith (Messianic Jew) and disability status." *Id*. at ¶¶ 7, 10. Gaine further alleges that, as he was departing, Bautista stated that Gaine

---

[1] Specifically, the Court screens, and may dismiss, any claim it finds "frivolous, malicious, failing to state a claim upon which relief may be granted, or seeking monetary relief from a defendant immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

[2] Upon review of this District's case filing system, on or around September 20, 2025, Gaine had two pending cases in this District (Case No. 25-cv-406 and Case No. 25-cv-407), both of which Gaine voluntarily dismissed on October 6, 2025.

2

"enforce[s] [his] rights too much" and told Gaine that he can "never enforce his rights with the Honolulu Police Department again…." *Id*. at ¶ 10(a).

In the "Claims for Relief" section of the Complaint, Gaine asserts four numbered claims as follows: (1) deprivation of constitutional rights, including religion, in violation of 42 U.S.C. Section 1983 against Bautista; (2) disability and religious discrimination in violation of Section 1983 and the Americans With Disabilities Act against Bautista; (3) failure to train, supervise, or discipline Bautista against the City and County of Honolulu, pursuant to *Monell v. Dep't of Soc. Services of the City of New York*, 436 U.S. 658 (1978); and (4) witness tampering in violation of 18 U.S.C. Sections 242 and 1512 against Bautista. Dkt. No. 1 at ¶¶ 13-21.

The Complaint fails to state a claim for any of these causes of action. First, other than a conclusory assertion that Bautista's conduct was "on the basis" of Gaine's alleged religion and disability, there are no *factual* allegations in the Complaint supporting or otherwise suggesting as much. There is not even an allegation that Bautista was aware of either or both of these alleged statuses. Moreover, to the extent the Complaint can be liberally construed as alleging a motive for Bautista's purported actions, it appears to be Bautista's belief that Gaine "enforce[s] [his] rights too much," which has no plausible connection to Gaine's

3

alleged religion or disability.[3]  Therefore, the first and second claims fail.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that a court need not accept mere legal conclusions as true); *Nunes v. Wal-Mart Stores, Inc.*, 164 F.3d 1243, 1246 (9th Cir. 1999) (explaining that, to establish a claim of discrimination under the ADA, a plaintiff must show (1) he is disabled within the meaning of the statute, (2) he is a "qualified individual" under the statute, and (3) he was discriminated against because of his disability); *Temple of 1001 Buddhas v. City of Fremont*, 2022 WL 15770480, at *7-8 (N.D. Cal. May 18, 2022) (dismissing claim of religious discrimination under Section 1983 where the plaintiff alleged "no plausible religious bias" in the defendant's conduct).

Similarly, other than briefly and conclusorily asserting that the City and County of Honolulu failed to supervise, train, or discipline Bautista, there are no *factual* allegations in the Complaint *at all* concerning the City, let alone ones that would come close to alleging a plausible claim under *Monell*.  Therefore, the third

---

[3]Liberally construing the pro se Complaint, in alleging Bautista told Gaine that he "enforce[s] [his] rights too much," arguably, Gaine may have intended to assert a claim of retaliation under Section 1983 for allegedly engaging in First Amendment activity such as petitioning the government for the redress of grievances.  *See* Dkt. No. 1 at ¶ 10(a).  To state such a claim, a plaintiff must allege that the defendant "intended to interfere" with his First Amendment rights, which asks "whether an official's acts would chill or silence a person of ordinary firmness from future First Amendment activities."  *Mendocino Envtl. Ctr. v. Mendocino Cty.*, 192 F.3d 1283, 1300 (9th Cir. 1999).  Here, there are no such plausible allegations in the Complaint.  For example, it is unclear why speaking to a "supervisor", which is allegedly what Bautista prevented Gaine from doing, is remotely relevant to the exercise of any First Amendment activity.  Therefore, any retaliation claim that may be asserted in the Complaint also fails.

claim also fails. *See Iqbal*, 556 U.S. at 678; *Monell*, 436 U.S. at 690-691 (explaining that a municipality, such as the City, can be liable for an authorized policy or well-settled custom respecting a challenged action, if the policy or custom causes an employee to commit a constitutional deprivation); *City of Canton v, Harris*, 489 U.S. 378, 388 (1989) (explaining that a municipality can also be liable for a failure to train its employees when such failure amounts to deliberate indifference towards the rights of its inhabitants).

As for the fourth claim in the Complaint, because it cites only federal *criminal* law as having been violated, it too fails in this *civil* proceeding. *See Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another.").

Finally, because Gaine is proceeding without counsel and this is the first occasion for the Court to explain the many deficiencies with the Complaint, ordinarily, "[u]nless it is absolutely clear that no amendment can cure the defect … a pro se litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995). Here, arguably, amendment may cure the deficiencies highlighted, at least with respect to Gaine's first three claims. Therefore, at this juncture, the Court permits Gaine leave to amend the Complaint,

5

and, more specifically, claims one through three, should he so choose. Leave to amend with regard to claim four is denied, as there is no amendment that would allow Gaine to prosecute criminal violations.

Any amended complaint must consist of short, plain statements alleging: (1) the legal right Gaine believes was violated; (2) the name of the specific defendant(s) who violated that right; (3) exactly what each defendant did or failed to do and when; (4) how the action or inaction of that defendant is connected to the violation of his right; and (5) what specific injury he suffered because of a defendant's conduct. Gaine must repeat this process, in separate and distinct claims, for each right he believes was violated and each person or entity named as a defendant. **Failure to do so may result in any deficient claim and/or this action in its entirety being dismissed.** Further, in any amended complaint, Gaine may <u>not</u> rely upon federal or state *criminal* law as a basis for any claim.

Gaine may have until **November 25, 2025** to file an amended complaint. **Should Gaine fail to file an amended complaint consistent with the guidance above by November 25, 2025, this action will be dismissed for failure to state a claim.**

The IFP Application, Dkt. No. 3, is HELD IN ABEYANCE pending the filing of any amended complaint.  Gaine's request for the U.S. Marshal to serve the Complaint, Dkt. No. 6, is DENIED AS MOOT.

IT IS SO ORDERED.

DATED: October 28, 2025 at Honolulu, Hawaiʻi.



Derrick K. Watson
Chief United States District Judge

---

*Graysen Gaine v. Officer G. Bautista, et al*; Civil No. 25-00436 DKW-WRP; **ORDER (1) SCREENING AND DISMISSING COMPLAINT WITH LEAVE TO AMEND, AND (2) HOLDING IN ABEYANCE APPLICATION TO PROCEED *IN FORMA PAUPERIS***